**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Francisco Rey SANDOVAL–BUSTA-MANTE, Defendant—Appellant.**

**No. 10–10353.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 3, 2011.

Bruce M. Ferg, Assistant U.S., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff-Appellee.

Peter A. Matiatos, Law Office of Peter A. Matiatos, Tucson, AZ, for Defendant-Appellant.

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Francisco Rey Sandoval–Bustamante appeals from the 42–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sandoval–Bustamante contends that the district court erred by: (1) failing to identify the legal standard it used in denying his motion to continue sentencing for a psychological evaluation; (2) failing to adequately explain its decision to deny a departure for cultural assimilation; and (3) awarding only a two-level downward departure for imperfect duress under U.S.S.G. § 5K2.12. The record reflects that the district court did not procedurally err, and that the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Sandoval–Bustamante also contends the government's refusal to move for a third point reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1(b), was arbitrary and capricious. The government's decision not to move for the third point was rational and not arbitrary, as Sandoval–Bustamante did not waive his right to appeal. *See United States v. Johnson,* 581 F.3d 994, 1002 (9th Cir.2009).

We grant Sandoval–Bustamante's motion to file a late brief. We decline to consider issues raised for the first time in Sandoval–Bustamante's reply brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.